**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC P. ROBERTS et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:11-cv-00764-RCJ-VPC |
| vs. ) | |
| ) | |
| COUNTRYWIDE HOME LOANS, INC. et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists nine causes of action: (1) Unfair Debt Collection Practices Under Nevada Revised Statutes ("NRS") section 649.370; (2) Unfair and Deceptive Trade Practices Under NRS sections 41.600 and 598.0923; (3) Unfair Lending Practices Under NRS section 598D.100; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants have moved to dismiss and to expunge the lis pendens. For the reasons given herein, the Court grants the motion in part and denies it in part.

**I.    THE PROPERTY**

Marc P. and Cheri R. Roberts gave lender Countrywide Home Loans, Inc. ("Countrywide") a $184,100 promissory note to purchase real property at 2057 Rawles Dr., Fernley, NV 89408 (the "Property"). (*See* First Deed of Trust ("FDOT") 1–4, June 8, 2005, ECF No. 4-2). Recontrust Co., N.A. was the trustee and Mortgage Electronic Registration Systems,

Inc. ("MERS") was the lender's "nominee." (*See id.* 2).  Plaintiffs obtained a second loan against the property for $40,000 on May 17, 2007, with same lender and trustee. (*See* Second Deed of Trust ("SDOT") 1–3, May 17, 2007, ECF No. 4-3).  The second loan appears to have constituted a cash loan against the Property, because it postdates the FDOT by two years and does not appear to be a home equity line of credit. (*See generally id.*).  MERS first assigned the note and FDOT to "BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP," (*see* Assignment, May 17, 2011, ECF No. 4-4), and later assigned them to "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP," (*see* Assignment, Aug. 9, 2011, ECF No. 4-5).  These assignments were probably superfluous, since the successor entities would hold the notes and deeds of trust as a matter of law.  Bank of America, N.A. ("BOA") substituted MTC Financial, Inc., d.b.a. Trustee Corps ("Trustee Corps") as trustee. (*See* Substitution, Sept. 2, 2011, ECF No. 4-7).  Trustee Corps filed the notice of default ("NOD") based on a default on the FDOT of unspecified amount as of November 1, 2010. (*See* NOD, Aug. 15, 2011, ECF No. 4-6).  The foreclosure may have been statutorily improper, because Trustee Corps filed the NOD before it was substituted as trustee. *See* Nev. Rev. Stat. § 107.080(2)(c) (2009).  Although the lender's later substitution of Trustee Corps may indicate ratification of Trustee Corps's filing of the NOD, the Court will not so rule at the dismissal stage.

## II.    ANALYSIS

The foreclosure may have been statutorily improper.  The remaining claims fail for reasons given in substantively similar cases.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss and Expunge the Lis Pendens (ECF No. 4) is GRANTED in part and DENIED in part. All claims are dismissed except the fifth claim for statutorily defective foreclosure and the sixth claim for quiet title. The lis pendens is not expunged.

IT IS SO ORDERED.

Dated this 6th day of December, 2011.

_____
ROBERT C. JONES
United States District Judge