**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC P. ROBERTS et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>COUNTRYWIDE HOME LOANS, INC. et al., )<br>)<br>Defendants. )<br>_____ ) | 3:11-cv-00764-RCJ-VPC<br><br>**ORDER** |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists nine causes of action: (1) Unfair Debt Collection Practices Under Nevada Revised Statutes ("NRS") section 649.370; (2) Unfair and Deceptive Trade Practices Under NRS sections 41.600 and 598.0923; (3) Unfair Lending Practices Under NRS section 598D.100; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer.

Defendants Bank of America, N.A. ("BOA"), Countrywide Home Loans, Inc. ("Countrywide"), and Recontrust Co., N.A. ("Recontrust") moved to dismiss and to expunge the lis pendens. The Court dismissed all claims against those Defendants except the claims for statutorily defective foreclosure and quiet title, because the trustee filed the notice of default two weeks before BOA substituted it as trustee. The other two Defendants, MTC Financial, Inc., d.b.a. Trustee Corps ("Trustee Corps") and Omar Reynosa, have now moved to dismiss. They have adduced no documents curing the defects noticed in the previous order, but only the same

documents already produced. The Court will therefore dismiss all claims against movants except those for statutorily defective foreclosure and quiet title.

## I. THE PROPERTY

Marc P. and Cheri R. Roberts gave lender Countrywide a $184,100 promissory note to purchase real property at 2057 Rawles Dr., Fernley, NV 89408 (the "Property"). (*See* First Deed of Trust ("FDOT") 1–4, June 8, 2005, ECF No. 4-2). Recontrust was the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*See id.* 2). Plaintiffs obtained a second loan against the property for $40,000 on May 17, 2007, with the same lender and trustee. (*See* Second Deed of Trust ("SDOT") 1–3, May 17, 2007, ECF No. 4-3). The second loan appears to have constituted a cash loan against the Property, because it postdates the FDOT by two years and does not appear to be a home equity line of credit. (*See generally id.*). MERS first assigned the note and FDOT to "BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP," (*see* Assignment, May 17, 2011, ECF No. 4-4), and later assigned them to "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP," (*see* Assignment, Aug. 9, 2011, ECF No. 4-5). These assignments were probably superfluous, since the successor entities would hold the notes and deeds of trust as a matter of law. BOA then substituted Trustee Corps as trustee. (*See* Substitution, Sept. 2, 2011, ECF No. 4-7). Trustee Corps filed the notice of default ("NOD") based on a default on the FDOT of unspecified amount as of November 1, 2010. (*See* NOD, Aug. 15, 2011, ECF No. 4-6).

## II. ANALYSIS

The foreclosure may have been statutorily improper, because Trustee Corps filed the NOD before it became the trustee. *See* Nev. Rev. Stat. § 107.080(2)(c) (2009). Although the lender's later substitution of Trustee Corps may indicate its ratification of Trustee Corps's filing of the NOD, the Court will not so rule at the dismissal stage. The remaining claims fail for

reasons given in substantively similar cases.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) is GRANTED in part and DENIED in part. All claims are dismissed except the fifth claim for statutorily defective foreclosure and the sixth claim for quiet title.

IT IS SO ORDERED.

Dated this 31st day of January, 2012.

_____
ROBERT C. JONES
United States District Judge