1

2

3

4          **UNITED STATES DISTRICT COURT**

5              **DISTRICT OF NEVADA**

6

7  MARC P. ROBERTS et al.,                    )
                                              )
8              Plaintiffs,                    )
                                              )          3:11-cv-00764-RCJ-VPC
              vs.                             )
9                                             )
   COUNTRYWIDE HOME LOANS, INC. et al.,       )              **ORDER**
10                                            )
              Defendants.                     )
11  _____ )

12          This is a standard foreclosure case involving one property.  The Complaint filed in state

13  court lists nine causes of action: (1) Unfair Debt Collection Practices Under Nevada Revised

14  Statutes ("NRS") section 649.370; (2) Unfair and Deceptive Trade Practices Under NRS sections

15  41.600 and 598.0923; (3) Unfair Lending Practices Under NRS section 598D.100; (4) Breach of

16  the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS section 107.080; (6) Quiet

17  Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process.  Defendants Bank of America,

18  N.A. ("BOA"), Countrywide Home Loans, Inc. ("Countrywide"), and Recontrust Co., N.A.

19  ("Recontrust") moved to dismiss and to expunge the lis pendens.  The Court dismissed all claims

20  against those Defendants except the claims for statutorily defective foreclosure and quiet title,

21  because the trustee filed the notice of default two weeks before BOA substituted it as trustee.

22  Although the subsequent substitution appeared to constitute ratification of the trustee's actions,

23  the Court ruled that it would only decide that issue on summary judgment.  The remaining

24  Defendants, Trustee Corps and Omar Reynosa, later moved to dismiss, adducing no documents

25  curing the defects noticed in the previous order.  The Court therefore dismissed all claims against

1   those movants except those for statutorily defective foreclosure and quiet title.  Trustee Corps

2   and Omar Reynosa have since been dismissed as Defendants by stipulation.  Pending before the

3   Court is BOA's, Countywide's, and Recontrust's motion for summary judgment.  For the reasons

4   given herein, the Court grants the motion.

5         The Court noted in a previous order that BOA may have ratified Trustee Corps' filing of

6   the NOD by substituting Trustee Corps as trustee two weeks later but noted that it would not so

7   rule at the dismissal stage.  The present motion for summary judgment adds a new piece of

8   evidence: a declaration by an officer of BOA, Nicole Bensend, that BOA authorized Trustee

9   Corps to foreclose as its agent on June 9, 2011. (*See* Bensend Decl. ¶ 4, May 1, 2012, ECF No.

10   24-1); *see also* Restatement (Third) of Agency § 4.03 ("A person may ratify an act if the actor

11   acted *or purported to act* as an agent on the person's behalf." (emphasis added)).  Here, Trustee

12   Corps purported to act on behalf of BOA, so BOA was able to ratify the filing of the NOD, and

13   the declaration provides further evidence that Trustee Corps was BOA's agent for nonjudicial

14   foreclosure even before it was formally substituted as trustee.

15         The Court must, however, examine the statutory propriety of foreclosure in light of

16   *Edelstein v. Bank of New York Mellon*, 128 Nev. Adv. Op. 48 (2012).  In that case, the Nevada

17   Supreme Court made several rulings concerning foreclosure in cases where Mortgage Electronic

18   Registration Systems, Inc. ("MERS") is listed as a beneficiary under a deed of trust as well as the

19   lender's nominee.  In summary, the Court ruled: (1) the Restatement (Third) of Property

20   (Mortgages) § 5.4 controls in Nevada, such that both a promissory note and the deed of trust

21   securing it are transferred whenever either are transferred, unless the parties agree otherwise; (2)

22   in cases where the parties designate MERS as a "beneficiary" on a deed of trust, MERS is indeed

23   the beneficiary of the deed of trust, though not of the promissory note; (3) such a designation

24   indicates an intent to split the interest in the note and deed of trust at inception, which is

25   permitted by the Restatement, such that nonjudicial foreclosure cannot occur until a single party

has the beneficial interest in both the note and deed of trust; (4) MERS, where designated as a lender's "nominee" on a deed of trust, is an agent that may transfer the beneficial interest in the promissory note without a traditional negotiation (although a traditional negotiation is also sufficient); (5) MERS may transfer the beneficial interest in the deed of trust itself where it is the "beneficiary" under the deed of trust; and (6) the initial split is cured wherever MERS transfers to a single party both the deed of trust and any beneficial interest in the notes secured by it. *See id.*

In the present case, MERS was the lender's nominee and the beneficiary of the deed of trust according to stock MERS-deed of trust language.  MERS subsequently assigned both the note and deed of trust to the lender's successor entity, which the Court noted was probably superfluous since a successor entity would own the loan as a matter of law.  As it turns out, the transfers were not superfluous, because MERS was required to transfer its own interest in the deed of trust, as opposed to the lender's interest in the note, in order to cure the split caused at inception of the loan.  Because MERS properly assigned the interest in both the note and deed of trust to BOA, (*see* Assignment, Aug. 9, 2011, ECF No. 4-5), and BOA properly ratified Trustee Corps' filing of the notice of default, *see supra*, the foreclosure was proper in this case.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 23) is GRANTED and the lis pendens EXPUNGED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 2nd day of October, 2012.

_____
ROBERT C. JONES
United States District Judge